Samuel R. TAULBEE, Plaintiff,

v.

BLUE BIRD BAKING COMPANY, Defendant.

No. C–3–87–550.

United States District Court, S.D. Ohio, W.D.

Jan. 10, 1989.

Michael L. Tucker, Dayton, Ohio, for plaintiff.

Peter K. Newman, Dayton, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 10)

RICE, District Judge.

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. # 10) pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion for Summary Judgment is denied.

Plaintiff Samuel Taulbee was employed full-time as the chief order clerk in the Dayton, Ohio plant of the Defendant Blue Bird Baking Company (hereinafter "Blue Bird") for nineteen years prior to his termination on December 26, 1986. (See, Taulbee's depo., 9–10; Doc. # 10, p. 4). As order clerk, Plaintiff's duties entailed tak-ing orders for pies from customers over the phone and preparing plant orders for the production. (See, Evans depo., p. 7). Blue Bird had an extensive distribution system covering three states, which it sold to the Griffin Pie Company in December, 1986. As a result, all the clerical and loader positions at the distribution centers outside the Dayton plant were eliminated. At the Dayton plant, the sale of the distribution system eliminated the need for a full-time order clerk and Taulbee's job was reduced to a part-time position. (See Doc. # 10, pp. 4–5).

Plaintiff brings suit for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, (ADEA) on grounds that the Defendant took adverse employment action based on Plaintiff's age which resulted in Plaintiff being laid off from the Blue Bird Baking Company. Plaintiff seeks an Order from this Court that he be reinstated as a full-time employee with Blue Bird, in addition to being awarded compensatory damages and attorneys fees. The Defendant, in turn, moves this Court to grant summary judgment on the ground that the Plaintiff fails to make out a *prima facie* case of age discrimination under ADEA.

At the outset, on a Rule 56 summary judgment motion, summary judgment will not lie if the dispute about a material fact is "genuine", that is, if evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment, the trial judge's function is not to weigh the evidence and to determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510–11. In essence, the inquiry is whether the evidence presents a sufficient disagreement, a sufficient conflict, to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 249–50, 106 S.Ct. at 2510–11. Initially, the party seeking summary judgment bears the burden of informing the district court of its basis for its motion for summa-

ry judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This accomplished, the burden then shifts to the non-moving party to designate specific facts showing that there is a genuine issue for trial. *Id.* at 323, 106 S.Ct. at 2553. The plain language of Rule 56(a) mandates the entry of summary judgment against a non-moving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. With this standard in mind, the Court now considers the reasons urged in support of the Defendant's motion.

In order to make out a *prima facie* case of age discrimination under the ADEA, the Plaintiff must present evidence which when viewed in the light most favorable to the non-moving party would permit a reasonable jury to find that the Plaintiff was dismissed from his job because of his age. *Rose v. National Cash Register Corp.,* 703 F.2d 225, 227 (6th Cir.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983). Most typically, courts addressing this issue have applied the four-part test announced in *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell–Douglas,* the plaintiff must demonstrate as a threshold matter:

1. that he was a member of a protected class (age 40–70);
2. that he was subjected to adverse employment action;
3. that he was qualified for the position; and
4. that he was replaced by a younger person.

The Sixth Circuit has cautioned repeatedly that the *McDonnell–Douglas* case should not be applied rigidly without regard to the particular facts at issue. *See, Laugesen v. Anaconda Company,* 510 F.2d 307, 312 (6th Cir.1975); *Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1179 (6th Cir.1983); *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 70 (6th Cir. 1982); *Sahadi v. Reynolds Chemical,* 636 F.2d 1116, 1117–19 (6th Cir.1980). To this end, the Defendant argues that since the sale of the Blue Bird distribution system resulted in a reduction in force (RIF), the Court should apply an alternate test announced by the Sixth Circuit in *LaGrant v. Gulf and Western Manufacturing Co., Inc.,* 748 F.2d 1087 (6th Cir.1984) instead of *McDonnell–Douglas.* The *LaGrant* case involved a corporate reorganization in which the plaintiff lost his departmental head position at the defendant's company when the defendant company decided to initiate an RIF. The plaintiff brought suit under ADEA, but could not satisfy the fourth and final requirement for demonstrating a *prima facie* age discrimination claim under *McDonnell–Douglas,* since after the RIF jobs were realigned and it was not clear whether the Plaintiff was "replaced by a younger person" or simply whether the Plaintiff's job was eliminated altogether. *Id.* at 1090. Under *McDonnell–Douglas,* the burden is on the plaintiff to demonstrate evidence sufficient to prove all four elements of a *prima facie* case of age discrimination; however, in *LaGrant* the Sixth Circuit recognized that a legitimate claimant may not always be able to satisfy all four factors, especially the fourth factor—replacement by a younger employee—since, presumably, many times in a RIF situation, a discharged employee's tasks are divided among the remaining workers or perhaps eliminated altogether. *Id.* at 1091. Further, the *LaGrant* court reasoned that simply because a competent but older employee was discharged during an RIF, should not, without more, be sufficient to demonstrate a *prima facie* case of age discrimination. Accordingly, the Court created a new test, which provides that in corporate reorganization cases, the plaintiff must come forward with "additional direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a *prima facie* case." *Id.* at 1091.

This Court agrees with the Plaintiff and his supporting authority that the facts of this case present a situation where rejection of the *McDonnell–Douglas* standard

in favor of the *LaGrant* standard is unnecessary.[1]  After Blue Bird sold its distribution system, Plaintiff's job was neither divided among the remaining employees nor eliminated altogether.  Rather, since the sell-off of the distribution system eliminated the need for a full-time clerk, Plaintiff's job was reduced to a part-time position.  To the extent Plaintiff's old job remained, he was "replaced by a younger employee," Alice Stover.  (*See* Doc. # 13, Taulbee affidavit).  Thus, application of the *McDonnell–Douglas* standard in this case does not pose the same type of concerns contemplated by the Sixth Circuit in *LaGrant.*

■ Applying the *McDonnell–Douglas* elements to the facts of this case reveals that Plaintiff can demonstrate a *prima facie* case of age discrimination.  First, Plaintiff who was 51 at the time his position as a full-time order clerk was terminated, was within the protected age class under ADEA; secondly, Plaintiff has shown that the Defendant took adverse employment action by not offering the consolidated order clerk/clerical position to Plaintiff after the sale of the distribution center [2]; thirdly, Plaintiff has properly alleged that he was qualified for said position [3]; and finally, as explained above, to the extent Plaintiff's position existed after the sale of the distribution system, Plaintiff has shown that he was replaced by a younger employee.

Nonetheless, even if the *LaGrant* standard could be said to apply, Plaintiff has amply demonstrated additional circumstantial evidence that raises a genuine issue of material fact as to whether age was a factor in Defendant's actions as they may have led to Plaintiff's termination of employment with the Defendant company.  Specifically, considering the evidence in a light most favorable to the Plaintiff, as this Court is bound to do on a summary judgment motion, *Rose v. National Cash Register Company,* 703 F.2d 225, 227 (6th Cir.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983), a genuine issue of fact remains whether the Defendant ever offered to the Plaintiff the opportunity to assume the consolidated order clerk/clerical position which was created after the sale by the Defendant of its distribution system.  The Plaintiff claims he was never offered the consolidated position.  Contrary to Defendant's assertion that this is a "sham issue" (see Doc. # 14, p. 10, n. 2), this issue is vitally relevant as to whether Plaintiff can establish a *prima facie* case under the *LaGrant* test.  On similar facts in an Eighth Circuit RIF case, *Holley v. Sanyo Manufacturing, Inc.,* 771 F.2d 1161, 1167 (8th Cir.1985), the court admonished the plaintiff that he had produced evidence that "he was denied the *consolidated* position despite his greater expertise ...", that he would have met his required burden under *LaGrant* of providing additional direct, circumstantial or statistical evidence that age was a factor in the termination of his employment with the Defendant company.

**1.**  *See Stevenson v. The Minster Machine Company,* Case No. C–3–87–735 (N.D. Ohio 1987) cited in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. (Doc. # 13).

**2.**  Defendant urges this Court to disregard Plaintiff's affidavit wherein Plaintiff states "... that Mr. Evans never offered affiant a position whereby he would work part-time as a order clerk with the remainder of the work week being completed with affiant performing miscellaneous clerical duties." (*See* Doc. # 14, n. 10 and Taulbee's affidavit, Doc. # 13).  Defendant grounds this argument in the Sixth Circuit rule that a party may not create a factual issue on a motion for summary judgment, by filing an affidavit which contradicts earlier deposition testimony.  *See, Reid v. Sears, Roebuck & Co.,* 790 F.2d 453, 460 (6th Cir.1986).  While Defendant's statement of the rule is correct, its application here is misplaced.  The Sixth Circuit has also found that when the Plaintiff's affidavit is not sufficiently contradictory to earlier deposition testimony, the trial court can consider the affidavit on the motion for summary judgment.  *See Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir.1984).  Such is the case the Court finds here.  Specifically, the Court would direct the reader's attention to pp. 92, and 155–56 of the Samuel Taulbee deposition wherein the Court finds contrary to the Defendant's assertions that the Plaintiff's responses were "vague and confused", Plaintiff responding quite persistently that he was never offered the consolidated position.

**3.**  *See* Taulbee deposition, p. 92.  *See also* Taulbee's affidavit, Doc. # 13.

This Court is not bound by either the *McDonnell–Douglas* or *LaGrant* tests. Ultimately, the only issue relevant on this summary judgment motion is whether the Plaintiff has provided sufficient evidence from which a reasonable jury could find that age was a determining factor in Defendant's actions as such actions may have resulted in the termination of the Plaintiff's full-time position as an order clerk. *See Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1180 (6th Cir.1980). Even without the guidance of the tests set out by the Sixth Circuit in *McDonnell–Douglas* or *LaGrant*, this Court concludes that the Plaintiff has produced evidence sufficient for a reasonable jury to find (has demonstrated a genuine issue of material fact) that Defendant's alleged actions in bypassing the Plaintiff, an older, more experienced worker, and offering the consolidated position to a younger employee, was a decision based at least in part, on the Plaintiff's age.

■ Finally, Defendant argues that Plaintiff's claim that he should have been offered the consolidated position does not, standing alone, necessarily establish a *prima facie* case of age discrimination (See Doc. # 14, p. 5, n. 2) because the Sixth Circuit has previously stated an employer has no duty to offer an employee a subordinate position when termination is due to a RIF. *See Ridenour v. Lawson Co.*, 791 F.2d 52, 57 (6th Cir.1986). While this Court finds no quarrel with the soundness of the rule in *Ridenour*, the issue of whether an employer has a duty to offer an employee substitute work during a corporate reorganization is simply not relevant on *this* summary judgment motion. The Defendant submitted in support of its Motion for Summary Judgment the argument that no genuine issue of material fact existed as to whether age was a determinative factor in Defendant's employment decision regarding the Plaintiff. The Plaintiff submitted its Memorandum Contra with respect to same. In its Reply Memorandum, Defendant raises the *Ridenour* rule for the first time. Even if an employer has no duty to offer an employee a subordinate position when termination is due to an RIF, the employer is also proscribed under the pro-

visions of ADEA from making adverse employment decisions based on age. It is the latter argument upon which Defendant moved for summary judgment and the only issue the Court need address.

Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), a motion for summary judgment should be overruled when the non-moving party has produced sufficient evidence to demonstrate that a genuine issue of fact remains on an element as to which he bears the burden of proof at trial. Since Plaintiff has the burden of proof at trial respecting age discrimination, and further since Plaintiff has clearly demonstrated that a genuine issue of fact remains as to whether age was a determining factor in Defendant's actions as such actions may have led to Plaintiff's termination of employment with Defendant, the Defendant's Motion for Summary Judgment is overruled.