786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT R. MARKGRAF, Plaintiff-Appellant,
v.
GENERAL ELECTRIC CO., CT CORPORATION SYSTEMS, Defendant-Appellee.
 85-3253
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 S.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Markgraf brought suit against his former employer, General Electric Company, alleging that he had been discharged in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 et seq. (1982). At the close of plaintiff's case the district court entered a directed verdict for the defendant. We affirm.
 
 
 2
 Markgraf, age 52 at the time of his discharge, was employed as a design engineer by General Electric's Aircraft Engine Group. He was the victim of an economic reduction in forces in which some 72 of the Group's over 800 engineers were laid off. Sixty percent of the discharged engineers were under 40 years of age. This court has consistently held that an employee who is discharged as part of a corporate reorganization or reduction in forces may not rely on any mechanical formula to establish a prima facie case of age discrimination. See, e.g., LaGrant v. Gulf & Western Manufacturing Co., Inc., 748 F.2d 1087, 1090 (6th Cir. 1984); Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118 (6th Cir. 1980). A plaintiff must present 'direct, circumstantial or statistical evidence that age was a factor in his termination.' LaGrant, 748 F.2d at 1091. Our review of the record, construing the evidence most favorably to the plaintiff, leads us to conclude that the district court was correct in determining that Markgraf had not met this burden.
 
 
 3
 We have considered Markgraf's other assignments of error and find them without merit. The judgment is AFFIRMED.