798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anna Marcella FISHER, Plaintiff-Appellant,
v.
INSULATION SUPPLY CORPORATION and New England Insulation
Company, Defendants-Appellees.
 No. 85-5654.
 United States Court of Appeals,
Sixth Circuit.
 June 3, 1986.
 
 Before KRUPANSKY, GUY and BOGGS, Circuit Judges.
 
 
 1
 PER CURIAM. Plaintiff/appellant Anna Marcella Fisher (Fisher) appealed the summary judgment for defendants in her action alleging age discrimination in employment. In January 1981, New England Insulation Company (New England) purchased the assets of Louisville Insulating and Supply Company. Subsequent to the purchase, New England created Insulation Supply Corporation (ISC) as its subsidiary to conduct the business of fabrication and distribution of fabrication and insulation materials. Fisher had been employed by Louisville Insulating and Supply Company for approximately fifteen years prior to commencement of operations by ISC. A number of former employees of Louisville Insulating and Supply Company were, with Fisher, hired by ISC. Shortly after ISC assumed operations, it determined that excessive overhead and operational costs required economic cutbacks as well as job consolidations and employment reductions. ISC decided that Fisher's position was one that could be eliminated with the reassignment and distribution of her duties to other employees. Consequently Fisher, who was then 51 years old, was terminated on June 14, 1981 after five months of employment by ISC.
 
 
 2
 Fisher initiated this action in federal district court alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., and the Kentucky Civil Rights laws, KRS Chapter 344. After limited discovery, ISC moved for summary judgment, contending that Fisher's allegations, even if true, were insufficient to support a prima facie case of age discrimination. Although the court observed that Fisher had failed to produce any proof of a discriminatory animus motivating her discharge, the district court denied ISC's motion for summary judgment to permit her further discovery. With discovery completed, ISC renewed its motion for summary judgment. The court ruled that Fisher failed to present a prima facie case of age discrimination since the uncontradicted evidence disclosed that Fisher had not been replaced by a younger person, but rather that her job title was eliminated and the job duties distributed among other employees. The court further concluded that, even assuming Fisher had presented a prima facie case, she failed to prove that the non-discriminatory reasons for her termination articulated by ISC were pretextual. Fisher appealed.
 
 
 3
 In order to establish a prima facie case of age discrimination in a reduction in force context, a plaintiff must produce some evidence, either directly or by inference, to support her assertion that age was a factor in her termination. "The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination." LaGrant v. Gulf & Western Mfg. Co., Inc., 748 F.2d 1087, 1090 (6th Cir.1984).
 
 
 4
 In the case at bar, the only alleged evidence of age discrimination which Fisher produced was that her termination resulted in a savings of $105 per week by ISC. Standing alone, this is no more than evidence of a business decision, and this circuit has long ruled that the ADEA was never intended as a vehicle for judicial review of business decisions. See, e.g., Ackerman v. Diamond Shamrock, 670 F.2d 66 (6th Cir.1982). Thus Fisher has failed to introduce evidence sufficient to withstand summary judgment.
 
 
 5
 For these reasons, the decision of the district court is AFFIRMED.