837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buford LAWSON, Plaintiff-Appellee,
v.
HOLIDAY INNS, Defendant-Appellant.
 No. 87-5008.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Holiday Inns appeals from the judgment entered on a jury verdict finding Holiday Inns liable to plaintiff-appellee Buford Lawson for terminating his employment in violation of the Age Discrimination in Employment Act ("ADEA" or "the Act"), 29 U.S.C. Secs. 621-634. For the reasons that follow, we reverse and remand for a new trial.
 
 I.
 
 2
 Lawson brought this action seeking relief for alleged violations of the ADEA. His employment with Holiday Inns was terminated on December 31, 1982, when he was fifty-seven years of age. The record shows that his supervisor was told to terminate one position in Lawson's department out of economic necessity, that Lawson was selected as the one to be terminated,[1] and his position remained vacant.
 
 
 3
 At the jury trial, which commenced on January 6, 1986, Lawson testified that he had been an employee of Holiday Inns in several positions and in several departments since 1962. In 1980, after a corporate reorganization, he was transferred to Cosmo Art Department where he held the position of art supervisor until his termination. He further testified that he considered himself the best trained and most experienced supervisor and that he had outstanding performance evaluations. There was also testimony from Kemmons Wilson, former Chairman of the Board of Holiday Inns, that Lawson was a very competent employee.
 
 
 4
 Michael Rose, the current Chairman of the Board, testified that there was no policy at Holiday Inns relating to age, and that an in-house study substantiated the fact that age did not affect the performance rating an employee received when the employee was evaluated. Rose stated that performance, not age, was the basis for choosing the positions to be eliminated in a work force reduction, which has occurred every year since 1982.
 
 
 5
 Lawson's supervisor, Brian Tesch, testified that Lawson had the lowest performance evaluations of all the employees in his division. While he felt that Lawson was a competent employee, all of the objective and subjective evaluations indicated that Lawson was the least qualified of the employees. For that reason, Lawson was chosen when one employee had to be terminated due to a reduction-in-force. Finally, to rebut a claimed policy of age discrimination, Holiday Inns put on proof that individuals within the protected age group were hired during the time of the alleged discriminatory company policy.
 
 
 6
 Holiday Inns moved for a directed verdict at the end of plaintiff's proof and renewed its motion at the close of all proof; however, both motions were denied. The jury returned a verdict in favor of Lawson, finding that age was a determining factor in Holiday Inns' decision to terminate him. Holiday Inns did not move for a judgment notwithstanding the verdict ("JNOV") or for a new trial. The district court entered orders granting Lawson back pay, repayment of insurance premiums, medical expenses, front pay to continue until age sixty-five, and other relief. He was also awarded costs and attorneys' fees. Final judgment incorporating the district court's prior orders was entered on December 12, 1986, after which a timely notice of appeal was filed with this court.
 
 
 7
 II. Holiday Inns argues that the district court improperly
 
 
 8
 charged the jury. Specifically, Holiday Inns argues that
 
 
 9
 the district court failed to properly instruct the jury on
 
 
 10
 the differing requirements of proof in (1) terminations
 
 
 11
 resulting in a replacement of an employee, and (2)
 
 
 12
 terminations because of a reduction-in-force. We agree.
 
 
 13
 In evaluating the adequacy of jury instructions, we do not consider them individually but as a whole. Blackwell v. Sun Elec. Corp., 696 F.2d 1176 (6th Cir.1983). A party cannot complain about the specific wording of instructions if, as a whole, they adequately inform the jury of the relevant considerations and provide a basis of law for aiding the jury in reaching its determination. Id.
 
 
 14
 In an age discrimination case, when the theory of defense is reduction-in-force, it is essential that the trial court instruct the jury on the differing requirements of proof between reduction-in-force situations and situations where a person within the protected age group is replaced by a younger person. Generally, a discharged employee presents a prima facie case "by introducing evidence that he was adversely affected by the defendant's employment decisions 'under circumstances which give rise to an inference of unlawful discrimination.' " Ridenour v. Lawson Co., 791 F.2d 52, 55 (6th Cir.1986) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)).
 
 
 15
 The term prima facie case as applied in an ADEA action means "only that the plaintiff has produced enough evidence to shift the burden of production to the defendant." Id. (quoting Halsell v. Kimberly-Clark Corp., 683 F.2d 285 (8th Cir.1982), cert. denied, 459 U.S. 1205 (1983)). Stated another way, "the plaintiff carries the ultimate burden of persuasion to establish by a preponderance of the evidence that, as an individual protected by the statute, he was dismissed, demoted, or not hired because of his age." Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir.1986).
 
 
 16
 With respect to the requirements of a prima facie case, we have generally held in replacement situations that:
 
 
 17
 To make out a prima facie case of age discrimination, thereby avoiding a directed verdict at the close of plaintiff's evidence, a plaintiff must demonstrate that:
 
 
 18
 (1) he was a member of a protected class;
 
 
 19
 (2) he was discharged;
 
 
 20
 (3) he was qualified for the position;
 
 
 21
 (4) he was replaced by a younger person.
 
 
 22
 Wilkins, 790 F.2d at 520. See also Blackwell, 696 F.2d at 1180; Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir.1982). However, "[t]he third element may be replaced by a showing 'that he was doing his job well enough to meet his employer's legitimate expectations.' " Chappell v. GTE Prod. Corp., 803 F.2d 261, 266 (6th Cir.1986) (quoting La Montagne v. American Convenience Prod., Inc., 750 F.2d 1405, 1409 (7th Cir.1984)).
 
 
 23
 In a reduction-in-force case, however, where a "plaintiff's position is eliminated and not refilled, the prima facie burden is different and is somewhat heavier." Id. When a corporation reorganizes or reduces its force, a plaintiff does not prove a prima facie case simply by showing that employees under the age of forty were retained. "The plaintiff in such reorganization cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a prima facie case." LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090 (6th Cir.1984) (emphasis supplied). An employee's subjective determination that he was better qualified than the younger employees that remained, standing alone, is inadequate to meet the burden. "The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination." Id.
 
 
 24
 Therefore, to be properly charged, the jury should have been instructed on the two different types of discharge, since the type of Lawson's discharge was in dispute. In this case, the jury was not so instructed. Rather, the district court charged the jury as follows:
 
 
 25
 * * *
 
 
 26
 * * *
 
 
 27
 In order to prevail on this claim the Plaintiff must first prove by a preponderance of the evidence that at the time of the discharge he was within the protected age group, that is, between the ages of forty and seventy years, and there is no dispute on this issue.
 
 
 28
 Second, the Plaintiff must prove that he was, in fact, discharged. Likewise, there is no dispute on this second issue.
 
 
 29
 Third, the Plaintiff must prove that the employees who were retained in preference to the Plaintiff in similar positions of art supervisor were younger than forty.
 
 
 30
 If you find that the Plaintiff has proven the three aforementioned elements of the claim you will then consider the Defendant's defense.
 
 
 31
 To establish this defense an employer has to articulate that it had a legitimate business reason for discharging the Plaintiff. The employer must produce to you its reason for its adverse personnel action.
 
 
 32
 In this case the Defendant has articulated or stated that it discharged the Plaintiff because Plaintiff's qualified performance was of a lesser quality than the other artists.
 
 
 33
 J.A. at 315. As indicated above, however, a plaintiff must show more than the fact that employees were retained in similar positions who were under the age of forty; he must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination.
 
 
 34
 Here, the district court essentially charged the jury that Holiday Inns' only defense was that Lawson was discharged because of inadequate work performance. The record clearly shows otherwise, as Holiday Inns defended this action from the beginning and throughout the trial as a justified reduction-in-force and requested that the district court charge the jury as follows:
 
 
 35
 In order to establish a violation of the Age Discrimination in Employment Act the Plaintiff has the burden of proving by a preponderance of the evidence all of the following elements:
 
 
 36
 (1) That he was within the protected age group, that is, ages 40 to 70 years;
 
 
 37
 (2) That he was discharged;
 
 
 38
 (3) That he was qualified to do the job; and
 
 
 39
 (4) That his age was the determining factor in his discharge in the sense that, but for his employer's motive to discriminate against him because of his age, he would not have been discharged.
 
 
 40
 * * *
 
 
 41
 * * *
 
 
 42
 In the main, Holiday Inns contends that the termination of Mr. Lawson occurred for business, economic and budgetary reasons; that a decision was made to eliminate the employment position held by Mr. Lawson because it was not conducive to the goals of the company nor economically productive in the determination of management of Holiday Inns.
 
 
 43
 Thus, if the discharge of Mr. Lawson or the termination of his job occurred for all or any of the reasons as Holiday Inns contends, then the discharge of Mr. Lawson is not unlawful under the Age Discrimination Act. If such a reason is articulated or stated by Holiday Inns you must return a verdict in favor of Holiday Inns unless you determine that it was simply some "pretext" or "coverup" for the discharge of Mr. Lawson because of his age.
 
 
 44
 J.A. at 38 and 48. Despite Holiday Inns' defense, the district court held that this was not a reduction-in-force situation and therefore refused to charge the jury on that type of discharge.
 
 
 45
 As earlier stated, the record shows that Lawson's supervisor was told to terminate one position out of economic necessity. Lawson's position was not filled after his termination. In fact, at the time of trial, economic necessity has resulted in a reduction in the staff in Lawson's division from five art supervisors to three. Thus, the district court erroneously failed to instruct the jury on Holiday Inns' theory of the case.
 
 
 46
 Finally, whether or not an employee is terminated because of a reduction-in-force or is replaced by a younger employee with age being a determining factor is a question to be determined by the jury and not by the court. If the type of discharge is in dispute, the jury should be instructed on the two types of discharge, the differing requirements of proof, and allowed to apply the appropriate law to a plaintiff's termination. The jury was not so charged in this case.[2]
 
 III.
 
 47
 For the foregoing reasons, the district court is REVERSED, and this matter is REMANDED for a new trial. Having determined that a new trial is warranted, it is not necessary for us to address the other issues raised in this appeal.
 
 
 
 [1]
 The document which Lawson received advising him that he would no longer be working at Holiday Inns stated that "[d]ue to a planned elimination of various tasks, your position will be discontinued effective December 31, 1982." J.A. at 333
 
 
 [2]
 We intimate no view as to the type of Lawson's discharge, a factual dispute, or the eventual outcome of this case. As the improper jury charge mandates a new trial, we need not address the other claimed errors