872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. CLIFFORD, Plaintiff-Appellant,
v.
BATTELLE COLUMBUS LABORATORIES, Defendant-Appellee.
 No. 88-3571.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff John E. Clifford appeals the district court's grant of summary judgment for defendant Battelle Columbus Laboratories (BCL) in this action brought under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-34 (ADEA). Because we find that plaintiff cannot establish a prima facie case of age discrimination, we affirm the district court's grant of summary judgment for defendant.
 
 
 2
 Plaintiff, aged sixty-five, was employed by BCL as an electrochemistry research scientist for approximately thirty-four years until he was terminated as a salaried employee effective April 1, 1984. BCL is a nonprofit research and development corporation that performs scientific research for government and private sponsors.
 
 
 3
 In 1981, BCL management concluded that, due to deteriorating economic conditions and a downturn in government-sponsored research, a reduction in force was necessary. Plaintiff's supervisors recommended that plaintiff be terminated as part of this reduction in force. However, pursuant to the recommendation of the BCL Review Committee, which reviews termination recommendations for employees aged forty or older, plaintiff was put on probation and not terminated.
 
 
 4
 After plaintiff failed to meet probationary performance standards, his case was resubmitted to the Review Committee in May 1982. Based on the Committee's recommendation, plaintiff was placed on involuntary termination notice with twenty weeks of paid notice time. Plaintiff was allowed to extend the notice period for time worked during the notice period, which plaintiff did until his termination on April 1, 1984.
 
 
 5
 Plaintiff brought the present action in November 1984, alleging that his termination was the result of a continuing program of age discrimination by BCL. He sought damages of $400,000 and reinstatement. After discovery, defendant moved for summary judgment, which the district court granted in an order dated May 1988. This appeal followed.
 
 
 6
 This court has "repeatedly held that in an age discrimination action under the [ADEA], the ultimate issue is whether age was a determining factor in the discharge of the complaining employee[ ]." Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.), cert. denied, 479 U.S. 990 (1986). Therefore, in order to establish a prima facie age discrimination case, a plaintiff must show that he was replaced by a younger person, or, in cases of reduction in force, "additional direct, circumstantial, or statistical evidence that age was a factor in his termination." LaGrant v. Gulf & Western Manufacturing Co., Inc., 748 F.2d 1087, 1091 (6th Cir.1984).
 
 
 7
 In the present case, plaintiff has failed to make any showing that age was a factor in his termination. Neither his sweeping, conclusory allegations, nor his personal belief and conjecture that age was a factor in his termination are sufficient to establish a prima facie case of age discrimination. Simpson v. Midland-Ross Corp., 823 F.2d 937, 941 (6th Cir.1987); Chappell v. GTE Products Corp., 803 F.2d 261, 268 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987). We find no error in the district court's grant of summary judgment for defendant.
 
 
 8
 AFFIRMED.