875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John G. WASKOVICH, Plaintiff-Appellant,
v.
LUCAS MACHINE CORPORATION, Defendant-Appellee.
 No. 88-3611.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1989.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges and CHARLES M. ALLEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals the order of the district court granting summary judgment to the defendant in this action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. Sec. 621 (1985). Because we conclude that plaintiff was not afforded the opportunity to rebut the assertion that the job at issue was different from that which he had previously occupied, we must reverse the decision of the district court.
 
 I.
 
 2
 Plaintiff John Waskovich was hired by defendant on August 13, 1976 as a timekeeper. His function was to calculate, report, and record the productive and nonproductive hours of shop employees. By 1981, defendant employed a total of 244 union employees, 160 salary employees, and four timekeepers. However, in the early and mid 1980s, defendant suffered a decline in business. By 1982, defendant employed only two timekeepers--plaintiff and Paulette Thornton. By 1984, defendant's workforce had been reduced to 103 union employees and 113 salaried employees. Due to the downturn in business, defendant decided to further reduce timekeeping hours. However, rather than terminating either plaintiff or Thornton, defendant decided to allow both to rotate lay-off and work time on a monthly basis. In 1984, however, defendant lost $2.4 million. Plaintiff was laid off on December 21, 1984, and Paulette Thornton was laid off on January 28, 1985. Neither was recalled to work in February 1985, but on March 4, 1985, Ms. Thornton was recalled, and she remained employed until January 1987. At the time of his final lay-off, Waskovich was sixty-three years of age; Ms. Thornton was thirty-six. Plaintiff was earning $9.25 per hour, and Ms. Thornton was making $7.55.
 
 
 3
 Plaintiff subsequently filed a complaint in the district court alleging that defendant's decision to recall Ms. Thornton rather than plaintiff was impermissibly based upon age discrimination. Defendant filed a motion for summary judgment, and the district court thereafter issued an opinion granting the motion.
 
 
 4
 Defendant claims that the position for which Ms. Thornton was recalled in March 1985 involved functions different from those required by the timekeeping position which both she and plaintiff had previously filled. Three of defendant's managers testified that in addition to timekeeping skills, the new position required inventory pricing skills as well as CPR and first aid skills. All three felt that plaintiff was less accurate and less efficient than Ms. Thornton in the performance of inventory pricing and timekeeping duties. Further, all three pointed out that Ms. Thornton had first aid skills which plaintiff lacked. It was for these reasons, defendant claims, that Ms. Thornton was chosen for recall over plaintiff.
 
 
 5
 Plaintiff disputes the claim that the March 1985 position required different skills than the old timekeeping position. He points to a May 15, 1985 job description which sets forth the duties to be performed by the timekeeper and makes no mention of inventory pricing and first aid skills. Plaintiff also points to a statement made by counsel for the defendant in the deposition of one of defendant's managers to the effect that Ms. Thornton "was a timekeeper all the way up to" May 1987. Plaintiff also disputes defendant's contention that he was less accurate and less efficient than Ms. Thornton at both the timekeeping and inventory pricing functions, and points to his resume which indicates some inventory experience in support of his position. Defendant responds by pointing to an incident described by defendant's cost accounting manager in which plaintiff had been assigned to assist in an inventory count but had to be removed because he had made too many errors. Defendant also points to testimony that plaintiff was "an intransigent and generally a difficult employee."
 
 
 6
 Prior to plaintiff's lay-off, Ms. Thornton encountered several problems with management. In June 1980, a notation was placed in her file to the effect that she was starting and leaving work at irregular times and maintaining poor attendance. The notation also observed that Ms. Thornton's time record were not verified, and she was advised to have her time card signed in the future by the second-shift foreman. In June 1981, defendant's security guards reported that Ms. Thornton was parking in the wrong parking lot in such a position that some male employees who rode to work with her could take things from the plant without being observed by security guards. However, nothing in the report indicated that any company property was actually taken, and Ms. Thornton was apparently instructed to park in the correct lot. Finally, between December 1980 and July 1981, Ms. Thornton was garnished for two separate debts, and a notice of intent to garnish was filed by Dr. Harold B. Kelly with respect to a third debt. However, Ms. Thornton's wages were never actually garnished with respect to the Kelly debt. Defendant's policy manual clearly states that any employee who has his wages garnished three times during a twelve-month period for three different debts will be subject to dismissal.
 
 
 7
 At the time of the lay-off, plaintiff earned a $1.70 per hour more than Ms. Thornton. Moreover, plaintiff had opted to deposit a total of 8% of his salary in the retirement and savings funds offered by defendant, while Ms. Thornton chose only to deposit 5% of her salary. Under the plan, defendant was obligated to "remit to the Trustee in an amount equal to 50% of the participant's deposit in excess of 4%, but not more than 8%, of his compensation." Thus, defendant was obligated to contribute an amount equal to 2% of plaintiff's salary to the plan whereas defendant was obligated to contribute only one half of 1% of Ms. Thornton's salary to the plan.
 
 
 8
 The district court offered three reasons in support of its decision to grant summary judgment to defendant. The court concluded, first, that plaintiff had failed to demonstrate that he was "qualified" for the position at issue, and therefore failed to establish an essential element of a prima facie case of age discrimination. The court found that although a genuine issue of fact existed with respect to plaintiff's ability to perform as a timekeeper, the position at issue required both timekeeping and inventory pricing skills. Because the court found that "plaintiff does not dispute that he did not have any prior training in inventory pricing, that his one encounter with inventory while employed by defendant was less than acceptable, ... [and] he did not have any training in first aid or the other clerical areas in which defendant had needs," the court concluded that plaintiff did not establish that he was qualified for the newly created position.
 
 
 9
 The court concluded, second, that plaintiff had failed to establish any direct, circumstantial, or statistical evidence that age was a factor in defendant's decision to recall Ms. Thornton rather than plaintiff. Plaintiff had argued that the testimony of two other employees, John Baker and Donald Miller, constituted additional evidence that age was a factor in defendant's decision. Both testified that they had been laid off and replaced by younger employees and that they believed defendant had laid off employees as a result of their age. However, neither had offered any specific facts to support this belief. The court rejected the testimony of Baker and Miller on the ground that both "offer[ed] nothing more than their subjective belief that age played a part in defendant's decision to lay them off."
 
 
 10
 The court held, finally, that even if plaintiff had established a prima facie case of age discrimination, defendant was still entitled to summary judgment because plaintiff made no showing that defendant's proffered reason for laying him off was pretextual. The court noted that it was undisputed that defendant was facing severe economic difficulties, and that defendant was forced to make drastic cuts in the number of employees. The court concluded that plaintiff failed to offer any evidence which tended to show that defendant's stated reason for laying him off was a pretext for age discrimination. Plaintiff now appeals the district court's grant of summary judgment.
 
 II.
 
 11
 This court recently set forth the elements which a plaintiff must establish in order to make out a prima facie case of wrongful discharge as the result of age discrimination:
 
 
 12
 (1) She was a member of the statutorily-protected class, (2) she was discharged, (3) she was qualified for the position, and (4) she was replaced by a younger person or, in reorganization cases, "additional direct, circumstantial or statistical evidence that age was a factor" in her termination.
 
 
 13
 Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988) (quoting La Grant v. Gulf & Western Manufacturing Co., 748 F.2d 1087, 1090-91 (6th Cir.1984)). Once plaintiff has made out a prima facie case of age discrimination, the burden of production shifts to defendant to articulate a legitimate reason for plaintiff's discharge. Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir.1987). If defendant does so, the burden shifts back to plaintiff to "demonstrate that the proffered reason is not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 14
 Applying this analysis to the case at bar, it is undisputed that plaintiff has established the first two elements of the prima facie case. He was a member of the statutorily-protected class and he was discharged by the defendant. It is also undisputed that defendant has articulated a legitimate reason for plaintiff's discharge--defendant claims that economic conditions forced defendant to eliminate one of the remaining two timekeepers and defendant decided to recall Ms. Thornton rather than plaintiff essentially because Ms. Thornton possessed certain inventory pricing skills which plaintiff lacked. Thus, the only remaining issues are whether plaintiff has established the third and fourth elements of the prima facie case, and if so, whether plaintiff has shown that defendant's articulated rationale for preferring Ms. Thornton is merely a pretext for age discrimination. It is important to remember that, at this stage of the proceedings, plaintiff need only establish that a genuine issue of material fact exists as to each of these issues in order to defeat defendant's motion for summary judgment. Fed.R.Civ.P. 56(c).
 
 III.
 
 15
 The district court's first ground for granting summary judgment to defendant was its finding that plaintiff failed to show that he was "qualified" for the position at issue, and thereby failed to make out a prima facie case of age discrimination. The district court held, and the defendant concedes on appeal, that a genuine issue of material fact remains with respect to the question of whether plaintiff was "qualified" for his previous position of timekeeper. Nevertheless, defendant argues, and the district court held, that the real position at issue required not only timekeeping skills, but also inventory pricing and CPR skills. Defendant further argues that plaintiff lacked the necessary inventory pricing and CPR skills, and therefore was not "qualified." Plaintiff responds that a genuine issue of material fact exists as to whether defendant actually created a new position in March 1985 encompassing the inventory pricing and CPR skills.
 
 
 16
 We find plaintiff's objection to be well taken. The May 1985 description of the timekeeping position, and the statement by defendant's counsel that Ms. Thornton was a timekeeper up until January 1987, create a genuine issue of fact as to whether the position for which Ms. Thornton was recalled in March 1985 was different from the old timekeeping position. Defendant contends that plaintiff should be precluded from arguing that the job description raises a genuine issue of material fact with respect to what job is at issue because he never presented this argument to the district court. We reject this argument because review of the briefs filed in the district court reveals that neither party argued the question to the district court. Defendant's brief in support of its motion for summary judgment made no mention of the contention that plaintiff did not satisfy the "qualified" element of the prima facie case. Rather, the point was first raised by the district court, sua sponte, in its opinion granting summary judgment. Because plaintiff was never afforded the opportunity to present evidence on the issue of what job is at stake, and because the record as it now stands reveals a genuine factual dispute on the point, we hold that summary judgment was inappropriate on the ground plaintiff was not "qualified." On remand, of course, the district court is free to permit both parties to present whatever evidence they have on the question, and to grant summary judgment if the requirements of Rule 56 are satisfied.
 
 IV.
 
 17
 The district court also supported its grant of summary judgment on the ground plaintiff failed to present the additional direct circumstantial, or statistical evidence of age discrimination required of a plaintiff in a reduction in force case. We disagree. Plaintiff has shown that he was earning $1.70 per hour more than Ms. Thornton, and was depositing more into his savings fund than Ms. Thornton thereby requiring defendant to contribute more under the plan. This court has previously indicated that evidence that an older employee earns a higher salary than a younger, favored employee at least indirectly supports the inference of age discrimination. Lenz v. Erdmann Corp., 773 F.2d 62, 64-65 (6th Cir.1985). Moreover, Ms. Thornton's previous problems with defendant--the parking lot incident, the poor attendance, the time card question, and the garnishments of her wages--arguably belie defendant's current description of her as "an outstanding employee." Finally, depending upon the ultimate resolution of the factual question discussed above, an issue may be presented whether the defendant altered the job description of the position at issue in order to conceal age discrimination. We hold that plaintiff has presented enough circumstantial evidence of age discrimination to survive a motion for summary judgment.
 
 V.
 
 18
 Finally, the district court held that summary judgment was appropriate because plaintiff offered no evidence of pretext to rebut defendant's assertion that plaintiff's dismissal was based on economic necessity. We think the district court's analysis of the pretext question focused on the wrong management decision. Plaintiff does not dispute that economic necessity required defendant to eliminate one timekeeper. Rather, he argues that defendant's decision to retain Ms. Thornton instead of plaintiff was impermissibly based upon age discrimination. Thus, plaintiff need not show that defendant's assertion of economic necessity was pretextual; rather, he must show that defendant's assertion that Ms. Thornton was better qualified than plaintiff was a pretext for age discrimination. This inquiry implicates the discussion set forth above with respect to the "qualified" element of the prima facie case.
 
 
 19
 A plaintiff in an age discrimination case may establish pretext in one of two ways:
 
 
 20
 The first is to establish by a preponderance of the evidence that the discriminatory reason was the true reason motivating the employee's conduct. Alternatively, the plaintiff can prove pretext by showing that the proffered legitimate reason was false.
 
 
 21
 Sims v. Cleland, 813 F.2d 790, 792 (6th Cir.1987) (citing Burdine, 450 U.S. at 256). In this case, defendant has claimed that Ms. Thornton was chosen for her inventory and CPR skills. As we explained supra, a question of fact remains over whether this was the job at stake. Therefore, a question of fact also remains as to whether defendant's proffered justification was false, and thus presumably a pretext for age discrimination. For this reason, we conclude that summary judgment was also inappropriate on the question of pretext.
 
 
 22
 The judgment of the district court is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation