909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alice C. WILSON, Plaintiff-Appellant,
v.
SAMSONITE FURNITURE CORPORATION, et al., Defendants-Appellees.
 No. 89-6533.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Alice Wilson appeals the grant of summary judgment in favor of her former employer, Samsonite Furniture Corporation, in her age discrimination case. We, for the reasons below, affirm.
 
 
 2
 Alice Wilson was hired by Samsonite in February of 1963 as an accounts receivable and payable clerk. Except for one year when she worked in the sales department, Wilson was employed by Samsonite in the areas of finance and accounting for twenty-two years. On March 2, 1987, Wilson and 21 other salaried employees were fired by Samsonite. At the time of her dismissal, Wilson was 56 years old. Wilson was told that she was being fired due to a reduction in work force and the elimination of her job. Wilson refused to sign Samsonite's standard release form and, therefore, did not receive the severance benefits offered to her.
 
 
 3
 To further reduce its work force, Samsonite dismissed 139 production and maintenance employees on April 10, 1987. In September of 1987, Samsonite offered a Voluntary Employee Separation Program to its employees whose age plus years of service with the company equaled at least 75. The sixteen employees who were eligible were offered a "separation bonus" if they chose to take early retirement under Samsonite's retirement plan.
 
 
 4
 Throughout her employment, Wilson received favorable reviews from her supervisors. When she was dismissed, however, Wilson was not offered nor was she considered for any other position with Samsonite. Other employees whose positions were eliminated were able to transfer to other positions within the company. Supervisors at Samsonite acknowledged that "with reasonable training," Wilson could have been employed in other positions with the company.
 
 
 5
 Wilson filed suit in the district court in Nashville, Tennessee, contending that she was fired because of her age in violation of the provisions of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et seq., and in interference with rights protected under Section 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1140. Wilson also filed pendent state law claims of breach of an implied employment contract and breach of an implied covenant of good faith and fair dealing.
 
 
 6
 The district court found that there were no genuine issues of material fact and, thus, granted Samsonite's motion for summary judgment. As to Wilson's claim of age discrimination in violation of the Age Discrimination Act, the district court found that she had failed to present any evidence showing any discriminatory motive behind her dismissal. With regard to her claim under Section 510 of ERISA, the district court held that Wilson had presented no evidence that Samsonite had terminated her with specific intent to eliminate the cost of her pension. The district court also rejected Wilson's claim of breach an implied employment contract, finding that under Tennessee law Wilson was an employee at will and thus could be dismissed at any time, without cause. Finally, the district court held that Tennessee does not recognize an exception to the employment at will doctrine for alleged breaches of good faith and fair dealing and, therefore, ruled in favor of Samsonite on this issue as well.
 
 
 7
 On appeal, Wilson argues that she has established a prima facie case of age discrimination. Rather than strictly following the Supreme Court's four-part test adopted in McDonnell Douglas v. Green, 411 U.S. 792 (1973), we analyze age discrimination cases on a case-by-case basis. See Simpson v. Midland-Ross Group, 823 F.2d 937, 940-41 (6th Cir.1987). In cases where there is a reduction in work force, a prima facie case is not established when a plaintiff cannot show that she was replaced by a younger person. LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090 (6th Cir.1984). In such cases, a plaintiff must come forward with "additional direct, circumstantial, or statistical evidence that age was a factor" in her discharge. Id.
 
 
 8
 Wilson failed to show that she was replaced by a younger person. Thus, she had to present other evidence that age was a factor in her termination. We agree with the district court that Wilson has failed to present any evidence indicating that she was fired because of her age. Because of financial problems, Samsonite decided to eliminate Wilson's position, not Wilson, individually. Samsonite was under no duty to transfer Wilson to another position within the company. Although some younger employees were offered other jobs, most were not. Finally, only eight of the twenty-two employees who were dismissed with Wilson were over 40 years old, although 50 percent of the workers employed by Samsonite were over 40. We, therefore, conclude that Wilson failed to establish a prima facie case of age discrimination.
 
 
 9
 Wilson also contends that the reason given by Samsonite for her discharge, financial necessity, was a pretext. Once an employer raises a legitimate justification for its action, the employee has the burden to show that the stated reason was a pretext. Chappell v. GTE Products Corp., 803 F.2d 261, 266 (6th Cir.1986). Samsonite's Controller and its Vice President of Human Resources stated the company was in severe financial trouble. Samsonite eventually dismissed over 150 employees. To refute the company's position, Wilson relies only on her bare assertion that she was "unaware that the corporation was having any more financial problems than at any other time." This assertion is clearly insufficient to meet Wilson's burden of proof. Wilson has not presented any specific evidence to cast doubt on Samsonite's stated reason for her dismissal. All of the relevant evidence indicates that Wilson was fired as part of Samsonite's cost-cutting measures.
 
 
 10
 Finally, Wilson argues that summary judgment on her claim under Section 510 of ERISA was inappropriate because she will receive a lower retirement benefit than she would have received had she not been dismissed in March of 1987. To recover under Section 510, a plaintiff must show that the employer dismissed the employee with the "specific intent" to violate ERISA. Gavalik v. Continental Can Co., 812 F.2d 834, 851 (3rd Cir.1987). Because Wilson presented no direct evidence that Samsonite discharged her with specific intent to eliminate the cost of her pension, the district court properly denied her claim under Section 510.
 
 
 11
 The judgment of the district court is affirmed.