110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia A. EDWARDS, Plaintiff-Appellant,
v.
BENTELER INDUSTRIES, INC., a Delaware Corporation, doing
business in the County of Kalamazoo, Defendant-Appellee.
 No. 96-1469.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KEITH, MERRITT, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Patricia A. Edwards, a Michigan citizen, appeals pro se the summary judgment for defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Edwards filed this action through counsel against her former employer, alleging that she had been discriminated against on the basis of her race, gender, and weight, in violation of Title VII and state civil rights laws. The parties agreed to submit the case to a magistrate judge for decision, with appeal to this court. After conducting discovery, the defendant filed a motion for summary judgment. Edwards filed a response, and oral argument was heard. The magistrate judge granted the motion, concluding both that Edwards had failed to carry her burden of proof to establish a discrimination claim, and that she was required by her employment contract to submit her grievances to arbitration. This appeal followed.
 
 
 3
 Upon review, we conclude that the summary judgment for the defendant must be affirmed, as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Initially, it is noted that the only ground for the alleged discrimination consistently maintained by Edwards throughout her complaint before the EEOC, her complaint in the district court, her deposition, and her response to the motion for summary judgment is race. Therefore, this court will address only the claim of race discrimination. Edwards alleged that she was subjected to verbal abuse, denied training and promotion, and eventually laid off due to a discriminatory animus. Construing the record in the light most favorable to Edwards, she did establish that she felt mistreated by some of her co-workers and supervisors because of the manner in which they spoke to her, and because they denied her participation in activities. However, no evidence was presented to show that this treatment was due to her race. Thus, there was no basis to find that Edwards was subject to unusually abusive or offensive racial harassment which was condoned by her employer. See Risinger v. Ohio Bureau of Workers' Comp., 883 F.2d 475, 483 (6th Cir.1989).
 
 
 5
 Edwards also claimed that she was denied a promotion based on discrimination. However, the defendant showed that the applicant who received the position was more qualified, and Edwards presented no evidence which cast doubt on the credibility of that explanation, in order to show that it was a pretext for discrimination. See Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083-84 (6th Cir.1994).
 
 
 6
 Finally, Edwards claimed that her layoff was based on discrimination. The defendant alleged that the positions occupied by Edwards and several other co-workers were eliminated in an economic restructuring. Edwards failed to show that her race was a factor in this decision, and thus did not establish a prima facie case of discrimination. See LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090-91 (6th Cir.1984).
 
 
 7
 Moreover, the magistrate judge properly concluded that an alternate ground for granting summary judgment to the defendant was that Edwards had failed to arbitrate her grievances as required in her employment contract. See Nghiem v. NEC Electronic, Inc., 25 F.3d 1437, 1441 (9th Cir.), cert. denied, 115 S.Ct. 638 (1994).
 
 
 8
 Edwards argues in her brief that her counsel below was ineffective. Because there is no right to effective assistance of counsel in civil proceedings, this is not a basis for overturning the district court's judgment. See Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 
 9
 For all of the above reasons, the summary judgment for defendant is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.