NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0922n.06
Filed: December 21, 2006

Nos. 05-3575/3576

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SARAH L. JONES, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant/** | ) | UNITED STATES DISTRICT |
| **Cross-Appellee,** | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| FLUOR FERNALD, INC., | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellee/** | ) | |
| **Cross-Appellant.** | ) | |

BEFORE: MARTIN, NORRIS, and GIBBONS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Plaintiff Sarah L. Jones filed this action against her former employer, Fluor Fernald, Inc., after she lost her job in July 2003 due to a reduction in force ("RIF"). An African-American, she alleges that race played an impermissible part in the decision to terminate her, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.[1] She also contends that Fluor Fernald retaliated against her in violation of Title VII after she filed a charge with the Equal Employment Opportunity Commission ("EEOC") concerning unequal pay.

The district court granted summary judgment to defendant but declined to exercise

---

[1] Although her complaint included a Title VII claim for discrimination based upon sex, this allegation has not been pursued on appeal.

supplemental jurisdiction over a state-law cause of action for discrimination. Defendant cross-appeals on that issue, contending that the district court abused its discretion in doing so. We affirm the judgment of the district court.

## I.

Since 1992, defendant Fluor Fernald has been the primary contractor charged with clean up of the Fernald Closure Project, located outside Cincinnati. Until 1989, the Department of Energy ran a uranium processing plant at the site, which resulted in significant environmental degradation. According to Fluor Fernald, as the project wound down (it concluded in 2006), fewer employees were required at the site, resulting in the need for reductions in force.

Over approximately the past decade, plaintiff served as a training specialist, presenting classes to workers at the site on topics generally related to safety. She had consistently received positive evaluations from her supervisors and Fluor Fernald concedes that plaintiff was qualified for her position.

At the time of her dismissal, defendant employed twelve training representatives and decided that three would be eliminated. Plaintiff was the only African-American among the twelve. As in other departments, defendant first attempted to reduce its training staff by offering severance packages that would encourage retirements. When that approach failed to yield the required attrition, each employee was evaluated in order to determine who would be retained. In this particular case, each person was evaluated using a scoring system made up of various criteria. The nine employees with the highest scores were retained. Plaintiff finished tenth.

## II.

We review the district court's grant of summary judgment *de novo*. *Sigley v. City of Parma Heights*, 437 F.3d 527, 532 (6th Cir. 2006). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

With respect to claims of indirect discrimination involving a RIF, we have explained an aspect of a plaintiff's burden in these terms:

> When work force reductions by the employer are a factor in the decision, "the most common legitimate reasons" for the discharge are the work force reductions. By showing the other elements of a *McDonnell Douglas* case, a plaintiff has not presented any evidence indicating that the work force reductions are not the reasons for the discharge and therefore does not make out a prima facie case absent additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. *LaGrant v. Gulf and Western Mfg. Co.*, 748 F.2d 1087, 1090 (6th Cir.1984) ("[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination").

*Barnes v. GenCorp, Inc.*, 896 F.2d 1457,1465 (6th Cir. 1990) (citations omitted). According to the district court, "Jones has . . . failed to proffer any evidence in support of her claim that the RIF was improperly biased or otherwise inaccurately reflected her knowledge, abilities, or experience . . . ." Having had an opportunity to review the record developed below, the briefs of the parties, and to hear argument from counsel, we agree with the assessment of the district court. Like that court, we are sympathetic to the fact that plaintiff performed her job well over a number of years. To prevail, however, plaintiff must come forward with some evidence to rebut the presumption that the reduction in the workforce is the legitimate reason for her termination. She has not done so. We

find nothing in the record to suggest that either racial animus or an improper desire to retaliate against plaintiff for her complaints about safety and equal pay played a role in the selection process. Absent such evidence, summary judgment in favor of defendant on plaintiff's Title VII claims is proper.

Plaintiff's complaint also included a discrimination count based on Ohio Revised Code § 4112.02. After granting summary judgment on the federal claims, the district court concluded that "no compelling facts support this Court's continued jurisdiction of Jones's remaining state law claims." It therefore dismissed the Ohio claim without prejudice.

Fluor Fernald now cross-appeals the district court's decision not to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. While we understand that Fluor Fernald would have preferred to have the district court rule on the Ohio discrimination claim given that it ruled favorably on the analogous federal claims, its decision to the contrary does not represent an abuse of discretion. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

## III.

The judgment of the district court is **affirmed.**