Anthony **RACHELLS**, Plaintiff,

v.

**CINGULAR WIRELESS** Employee Services, LLC, et al., Defendants.

No. 1:05 CV 2397.

United States District Court, N.D. Ohio, Eastern Division.

March 23, 2007.

E. Yvonne Harris, Oscar Trivers, Cleveland, OH, for Plaintiff.

Jennifer A. Corso, Wegman, Hessler & Vanderburg, Cleveland, OH, Kathleen Bruder, Todd J. Shill, Rhoads & Sinon, Harrisburg, PA, for Defendants.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING AS MOOT DEFENDANTS' RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.*

WELLS, District Judge.

Anthony Rachells brought this employment discrimination action against defendants "Cingular Wireless," "AT & T Wireless," and "SBC," John Doe Corporation, and John Doe Individuals (hereinafter "the Defendants") claiming: (1) racial discrimination prohibited by the Ohio Revised Code and federal law; (2) unjust termination as prohibited by the Ohio Revised Code; (3) slander; (4) libel; (5) retaliation; (6) breach of contract; (7) violation of Equal Protection laws; and (8) negligent and intentional infliction of emotional distress. (Docket 1). The Defendants moved to dismiss Mr. Rachells' claims pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6). (Docket 6). Mr. Rachells responded and moved to amend his Complaint pursuant to Fed. R.Civ.P. 15(a) and 15(c). (Docket 11). The Defendants filed a memorandum in reply. (Docket 12).

The matter is now ripe for the Court's consideration. For the reasons discussed below, Mr. Rachells' motion to amend will be granted. In addition, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be granted as to Counts Two through Eight and denied as to Count One. Finally, the Defendants' Rule 12(b)(2) motion to dismiss is declared moot.

## I. Background

The Complaint renders few facts. Mr. Rachells, an African–American male, was hired by Cingular/SBC in December 1996 to work in its retail stores. During his time at Cingular/SBC, Mr. Rachells received promotions and awards. The plaintiff avers that during his tenure with Cingular/SBC he filed "complaint(s) against several white co-workers and supervisors because of discriminatory and retaliatory actions taken against him, including receiving unfavorable false performance reviews." (Complaint ¶ 8). On or about 31 January 2005, Mr. Rachells received notice of a sixty-day termination, which was "allegedly based on a bogus assessment score received during a sham interviewing process with Defendants Cingular/SBC and AT & T John Doe Corporation and John Doe Individuals." (Complaint ¶¶ 9–10). He was terminated on 2 February 2005.

On 5 May 2005 Mr. Rachells filed a Title VII discrimination charge against Cingular Wireless with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission, noting that his position, at the time of his termination, was as a National Retail Account Executive. He further related that beginning in July 2004 and continuing thereafter he had been "subjected to unequal terms and conditions." The plaintiff recounts that in

May 2001 he was "denied promotion to District Manager." Mr. Rachells relates that in May 2003 he and his co-workers "felt that [they] were being discriminating [sic] against in reference to [their] performance evaluations." In his charge to the EEOC, the plaintiff states that in November 2004 some of his accounts were given to co-workers, yet his "quota was not immediately decreased."

■ On 12 July 2005 the EEOC dismissed the charge and sent Mr. Rachells a right-to-sue letter. In the letter, the EEOC related the results of its inquiry which showed Cingular's restructuring retained the four "highest ranked" individuals, which resulted in Mr. Rachells' termination as well as the termination of three Caucasian employees and one Hispanic employee. The plaintiff timely filed this action on 11 October 2005 [1] against Cingular Wireless, AT & T Wireless, SBC, John Doe Corporation, and John Doe Individuals.

## II. Dismissal Pursuant to Rule 12(b)(2) and the Plaintiff's Motion to Amend

■ As an initial matter, the Court will address the posture of this case *vis-a-vis* the currently named Defendants. In their motion to dismiss pursuant to Rule 12(b)(2), the Defendants provide affidavit evidence that Cingular Wireless, AT & T Wireless, and SBC are not legal entities with the capacity to be sued, but are merely trade names used by various legal entities. (Affidavit of Starlene Meyerkord, ¶¶ 3, 4 7,8, 9–12). This Court lacks jurisdiction to entertain a suit against trade names.

In response, Mr. Rachells moves to amend his Complaint, pursuant to Rule 15(a) & (c). (Docket 11). The plaintiff urges the Court to allow him to voluntarily dismiss his claims against AT & T Wireless and SBC without prejudice and substitute new defendants Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc. for the named defendant "Cingular Wireless." (Docket 11, pp. 1–2). The plaintiff proposes no other amendments to the Complaint.

Mr. Rachells motion to amend is granted, as a party may amend its pleadings once as a matter of course prior to a responsive pleading without leave of the Court. Accordingly, the Court denies as moot the Defendants' Rule 12(b)(2) motion to dismiss. This matter now arises against Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc. (collectively "Cingular").

While granting Mr. Rachells' motion to amend, the Court takes special care to note that, despite being put on notice by Cingular's motion that his Complaint is legally and factually deficient in virtually all respects, he neither sought leave to amend his Complaint beyond substituting defendant parties, nor made any meaningful effort to remedy those deficiencies through a detailed opposition to that motion.

## III. Standard for Dismissal Pursuant to Rule 12(b)(6)

■ Under Fed.R.Civ.P. 12(b)(6), a motion to dismiss challenges whether a plaintiff has plead a cognizable claim in the

---

1. While Mr. Rachells filed suit ninety-two days after the right-to-sue notice, the Sixth Circuit allots two days for postal delivery of a right-to-sue notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e). *See Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 n. 10 (6th Cir.2000); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 & n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (presuming that a right-to-sue notice was received by the plaintiff within three days of posting).

complaint. *Scheid v. Fanny Farmer Candy Shops,* 859 F.2d 434, 436 (6th Cir.1988). Rule 8(a) establishes the basic notice pleading principle that the complaint shall contain a "short and plain statement of the claim showing the pleader is entitled to relief." Typically, a claim should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir.1996).

■ A court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff when deciding this motion. *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991); *Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882, 885 (6th Cir.1990); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir.1990). A well-pleaded allegation, however, is one that alleges specific facts and does not merely rely upon conclusory statements. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

■ A complaint must contain direct or inferential allegations respecting each of the material elements under some viable legal theory to survive a motion to dismiss. *Scheid,* 859 F.2d at 436. Material elements are those that constitute a *prima facie* case of the alleged cause of action. *See id.* at 437; *LaGrant v. Gulf & Western Manufacturing Co.,* 748 F.2d 1087, 1090–91 (6th Cir.1984). If a complaint lacks direct or inferential allegations for each material element of the claim, a court may dismiss that claim for failing to fulfill the pleading requirements of Rule 8(a). *Scheid,* 859 F.2d at 437.

## IV. Law and Analysis

### A. Count I: Federal Discrimination Claim

Cingular urges the Court to dismiss Mr. Rachells' federal discrimination claim, which the Court construes as a claim pursuant to Title VII, for failure to exhaust administrative remedies. (Docket 6, pp. 6–7). The record indicates the plaintiff did fail to exhaust administrative remedies against all previous parties but Cingular. As the *de jure* defendant is now Cingular, the Court finds Mr. Rachells has satisfied the necessary exhaustion requirements in this instance.

■ A Title VII claim of circumstantial racial discrimination against an employer consists of the following elements: an assertion that 1) the claimant is a member of a protected class; 2) the claimant has suffered an adverse employment action; 3) the claimant was performing his or her job satisfactorily; and 4) similarly-situated employees who are not members of the protected class were treated more favorably. *Hartsel v. Keys,* 87 F.3d 795, 800 (6th Cir.1996).

■ A complaint must contain direct or inferential allegations respecting each of the material elements under some viable legal theory to survive a motion to dismiss. *Scheid,* 859 F.2d at 436. While the Complaint is certainly lean in its rendering of the facts, the plaintiff has, in this instance alone, met the very minimum standard of setting forth the elements of the claim entitling him to relief on the basis of racial discrimination.

Accordingly, the Court will deny Cingular's motion to dismiss Count I of the Complaint.

### B. Count II: State of Ohio Statutory Claim of Unjust Termination

■ Mr. Rachells purports to state a cause of action for "unjust termination,

prohibited by the Ohio Revised Code." (Complaint at ¶ 15). Cingular maintains Count II must be dismissed as Ohio provides no statutory cause of action for "unjust termination." In response, the plaintiff, mistakenly, cites to Ohio common law in support of his claim for a statutory claim of unjust termination. As the Court finds no basis for a statutory claim of unjust termination in Ohio, Count II of the plaintiff's Complaint is, hereby, dismissed.

### C. Counts III & IV: Slander and Libel Under Ohio Statute and Common Law

■ In seeking a remedy in defamation, Mr. Rachells alleges in Count III that "Defendants [sic] actions constituted slander," and alleges in Count IV that "Defendants [sic] actions constituted liable [sic], in violation of the Ohio Revised Code." Cingular maintains that both Counts should be dismissed because Ohio does not have a statutory cause of action for slander or libel. Moreover, Cingular contends the plaintiff fails to allege in his Complaint any of the facts necessary to establish a common law defamation claim. *See Jackson v. City of Columbus,* 194 F.3d 737, 757 (6th Cir.1999); *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666, 669 (1983); *Krause v. Klein,* 1997 WL 379971, *17 (Ohio App. 8 Dist., July 3, 1997). Mr. Rachells provides no substantive argument in response.

The Court finds Cingular's argument well-taken. The Court hereby grants, as proper, Cingular's motion to dismiss the plaintiff's defamation claims, Counts III and IV, for failure to state a claim upon which relief may be granted.

### D. Count V: Discriminatory Retaliation

■ Mr. Rachells maintains Cingular retaliated against him in violation of ORC § 4112.02. Cingular urges the Court to dismiss the plaintiff's retaliation claim for

failing to allege any facts upon which to establish the necessary elements for retaliation. *See Dalton v. Jefferson Smurfit Corp.,* 979 F.Supp. 1187, 1200 (S.D.Ohio 1997). Specifically, Mr. Rachells does not allege when in his employment he engaged in protected activity, whether or if a decision-maker had knowledge of his complaints, or any facts giving rise to an inference of causation between a putative filing of a complaint and his termination. In his brief, Mr. Rachells provides no substantive response to Cingular's argument.

The Court, again, finds Cingular's position well-taken. Further, the Court notes the plaintiff was placed on notice of the Complaint's infirmities and moved only to amend the named defendants in the matter. Accordingly, the Court will grant Cingular's motion to dismiss Count V for failure to state a claim upon which relief may be granted.

### E. Count VI: Breach of Contract

Mr. Rachells maintains a claim for breach of contract arising entirely from the termination of his employment. Cingular contends the plaintiff's failure to allege any employment contract, express or implied, bars his claim for breach of contract pursuant to the doctrine of employment-at-will. Mr. Rachells does not address this claim in his responsive pleading.

■ A breach of contract claim consists of the following material elements: 1) the existence of a binding contract or agreement; 2) the non-breaching party fulfilled its contractual obligations; 3) the breaching party failed to fulfill its contractual obligations without legal excuse; and 4) the non-breaching party suffered damages as a result of the breach. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App.3d 137, 684 N.E.2d 1261, 1266 (Ohio Ct.App.1996).

■ To properly plead a breach of contract claim, Mr. Rachells must allege, either directly or inferentially, facts supporting each material element. *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d at 437; *Carpenter v. Kaiser Foundation Health Plan of Ohio, Inc.*, 2005 WL 1123611 at *4 (N.D.Ohio 2005). Mr. Rachells' claim for relief is wholly deficient. The plaintiff fails even to allege that a contract existed, and he fails to allege facts supporting the inference of a contract's existence. Mr. Rachells does not allege any factual allegations supporting the bare claim that Cingular did not meet its alleged contractual obligations, or that Cingular did so without legal excuse. As such, Mr. Rachells' claim for relief for breach of contract clearly falls short of the minimum, notice pleading standard, and therefore, this Court dismisses Count VI.

### F. Count VII: Equal Protection

Through his Complaint, the plaintiff seeks relief pursuant to the "Equal Protection laws, prohibited by the Ohio Revised Code and Federal Law." However, none of the named defendants are state actors, and no state action is alleged in Mr. Rachells' Complaint.

■ The Equal Protection Clause does not erect a shield against private conduct. Moreover, "the federal and Ohio Equal Protection Clauses are to be construed and analyzed identically." *American Ass'n of Univ. Professors v. Central State Univ.*, 87 Ohio St.3d 55, 60, 717 N.E.2d 286 (Ohio 1999). Mr. Rachells' claim for relief upon the ground of Equal Protection grievously misconstrues the elements of the claim. As such, it clearly falls short of the minimum, notice pleading standard, and therefore, this Court dismisses Count VII.

### G. Count VIII: Negligent and Intentional Infliction of Emotional Distress

■ Mr. Rachells claims his discharge from Cingular resulted in the Intentional Infliction of Emotional Distress ("IIED") and the Negligent Infliction of Emotional Distress. As an initial matter, Ohio does not recognize the tort of negligent infliction of emotional distress. *Mawaldi v. St. Elizabeth Health Ctr.*, 381 F.Supp.2d 675, 690 (N.D.Ohio 2005). Accordingly, the Court will dismiss Mr. Rachells' claim for negligent infliction of emotional distress.

■ To establish an IIED claim, Mr. Rachells must allege: 1) the defendants intended to cause emotional distress; 2) the defendants' conduct was so extreme and outrageous to cause serious emotional distress; and 3) the defendants' conduct was the proximate cause of the plaintiff's serious emotional distress. *See Sears Roebuck v. Swaykus*, 2002 WL 31859516 (Ohio App. 7 Dist., December 11, 2002). The Ohio courts have recognized a valid IIED claim only where a defendant's conduct is so extreme and outrageous that it "goes beyond all bounds of decency." *Yeager v. Local Union 20*, 453 N.E.2d at 671. To state a proper claim requires Mr. Rachells to allege direct or inferential factual support for all of the material elements of a cause of action. *Scheid*, 859 F.2d at 436. Mr. Rachells states only that, "Defendants [sic] actions constituted violation [sic] an intentional and negligent infliction of Emotional Distress" resulting in "severe emotional distress, humiliation, loss of income, attorney fees and other losses." (Complaint ¶¶ 33, 34).

Mr. Rachells fails to set forth allegations describing what conduct Cingular allegedly engaged in to cause the emotional distress, and that those actions were extreme and outrageous. Mr. Rachells' reliance on mere conclusory statement is not sufficient

to state a proper claim. *Papasan v. Allain*, 478 U.S. at 286, 106 S.Ct. 2932.

Mr. Rachells' claim for relief for IIED fails the notice pleading requirement, and therefore, this Court dismisses Count VIII of the Complaint.

## V. Conclusion

For the reasons set forth in this Order, this Court grants in part and denies in part Cingular's Motion to Dismiss pursuant to Rule 12(b)(6). Counts Two through Eight of the Complaint are dismissed. The Court grants Mr. Rachells' Motion to Amend and accordingly denies as moot Cingular's Motion to Dismiss pursuant to Rule 12(b)(2).

IT IS SO ORDERED.