# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 16, 2013 Session

## HELEN STEWART v. CADNA RUBBER COMPANY

**An Appeal from the Circuit Court for Shelby County**
**No. CT-001649-11      Kay S. Robilio, Judge**

---

**No. W2013-00670-COA-R3-CV - Filed March 26, 2014**

---

This is an employment discrimination case. The employment of the plaintiff employee was terminated in the course of a reduction in force. The plaintiff filed this lawsuit against the defendant employer alleging that she was singled out for termination in the reduction in force based on her age and/or race. The trial court granted summary judgment in favor of the employer. The trial court reasoned that the evidence submitted by the plaintiff was insufficient to create an issue of fact as to whether the employer singled her out for termination based on her age and/or race, and that the plaintiff's evidence was insufficient to prove that the legitimate nondiscriminatory reason proffered by the employer for terminating the plaintiff's employment was pretextual. The plaintiff now appeals. We reverse. The standard for summary judgment applicable in this case is the standard set out in ***Hannan*** and ***Gossett***. Under the very high standard in those cases, the employer cannot negate an element of the plaintiff's *prima facie* case merely by showing that the plaintiff did not submit sufficient evidence at the summary judgment stage; to obtain summary judgment under that standard, the employer must show that the plaintiff *cannot* establish this element of her claim at trial. Thus, we hold that the employer failed to meet this standard on any of the plaintiff's claims of discrimination.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is**
**Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Dan M. Norwood, Memphis, Tennessee, for the Plaintiff/Appellant, Helen Stewart

David A. Prather and Kathryn T. Parham, Memphis, Tennessee, for the Defendant/Appellee, Cadna Rubber Company[1]

**OPINION**

In September 1998, Plaintiff/Appellant Helen Stewart began working full time for Defendant/Appellee Cadna Rubber Company ("Cadna") at the company's plant in Memphis, Tennessee.[2]  In early 2010, Stewart was one of six employees who worked in the warehouse area at the Memphis facility.  Out of those six employees, Stewart was the oldest, and she had been with the company the longest.

In April 2010, Stewart's employment at Cadna was terminated as part of a reduction in force ("RIF").  Stewart, an African-American, was 62 years old at the time her employment was terminated.  The record indicates that Cadna's RIF resulted in the termination of the employment of one other employee at the Memphis facility, a 28-year-old African-American, Atasha Rogers.  According to Cadna, two other employees were terminated in the RIF, 59-year-old Jim Dennis and 44-year-old Rene Daudelin, both Caucasian, but those employees worked at a Cadna facility outside Tennessee.

On April 8, 2011, Stewart filed the instant lawsuit against Cadna in the Circuit Court for Shelby County, Tennessee.  Stewart alleged that her employment was terminated as part of Cadna's RIF based on her age and/or race in violation of the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101 *et seq.* ("THRA"), which prohibits, among other things, discrimination in employment based on age or race.  Stewart alleged that a younger, less-qualified Hispanic employee with performance problems, Sunia Zamora, was retained following the RIF.

On June 13, 2011, Cadna filed its answer, asserting affirmative defenses and denying Stewart's allegation that her employment was terminated based on her age or race.  Discovery ensued.

---

[1]Appellate counsel did not represent Cadna at the trial court level.

[2]In her appellate brief, Stewart states that she began her employment with Cadna in May 1989, and that she had been working at Cadna for 21 years when her employment was terminated.  In contrast, in her complaint, Stewart avers that she was employed at Cadna for 12 years, and other parts of the record suggest that she began her employment in September 1998.  We need not resolve this inconsistency at this juncture, because whether Stewart began employment in 1989 or 1998 makes no difference in our analysis.  We note the inconsistency here only for clarification.

On October 4, 2012, after the parties completed discovery, Cadna filed a motion for summary judgment. Cadna's motion asserted as undisputed facts that Stewart was the primary employee who ran labels. As part of the company's restructuring and RIF, Cadna purchased a system designed to automate the label-making process. As explanation for its decision to retain Zamora but terminate Stewart, Cadna asserted that it "determined that Zamora's ability to speak Spanish was an important skill the Company required, because she was the only full-time employee who spoke Spanish." Furthermore, Cadna pointed out, all of the workers in the Memphis warehouse at the time Stewart's employment was terminated were African-American, except for Zamora. Based on these undisputed facts, Cadna argued that Stewart could not establish that she was "replaced" by either a younger employee or an employee of a different race. Cadna contended that Stewart could not establish through additional evidence that either age or race, or a combination of the two, was the determining factor in Cadna's decision to terminate her employment. Therefore, Cadna argued, it was entitled to summary judgment. In support of the motion, Cadna relied on its responses to Stewart's interrogatories and on Stewart's own deposition testimony.[3]

In her response to Cadna's summary judgment motion, Stewart argued that there were genuine issues of material fact as to whether Cadna discriminated against her based on her age and race, and as to whether the non-discriminatory reasons proffered by Cadna for terminating Stewart's employment were pretextual. Stewart pointed out that, in Cadna's personnel files on Stewart and Zamora, both were titled as a "warehouse worker," in contrast to Cadna's assertion in discovery responses that Stewart was a "Labelmaker, Janitor" and Zamora was a "Repacker." In discovery responses, Cadna also described an employee who was younger than Stewart, Corry McHenry, as an "Order Puller," while McHenry's personnel file described him as a "warehouse worker." Stewart argued that, by providing false titles to the employees, Cadna sought to obfuscate the truth and establish a false pretext for terminating Stewart's employment. In reality, Stewart claimed, she was the only hourly-wage "warehouse worker" in the Memphis facility whose employment was terminated in the RIF; the remaining workers — all younger — were retained. The only other employee at the Memphis facility whose employment was terminated in the RIF was an office worker. In addition, Stewart noted that Cadna's assertion that Zamora was retained in part because of her fluency in Spanish appeared for the first time in the litigation in Cadna's summary judgment motion.[4] Stewart argued that the totality of the evidence and circumstances surrounding her termination demonstrate that genuine issues of fact remain about the reasons

---

[3]The appellate record does not include a transcript of Stewart's deposition.

[4]Stewart notes that Cadna did not make this assertion in its answer to Stewart's charge with the Equal Employment Opportunity Commission.

Stewart was selected for termination in the RIF and support a finding that Cadna discriminated against Stewart based on her age and/or race.

On January 18, 2013, the trial court conducted a hearing on Cadna's motion for summary judgment. At the conclusion of the hearing, the trial court rendered an oral ruling granting Cadna's motion for summary judgment. The trial court did not give its reason for the ruling, but said only, "I'm going to grant your motion . . . . It will be interesting to see what the appellate court does." Counsel for Stewart asked the trial judge to give her reasons for the grant of summary judgment, but the trial judge declined to give any reasons and directed counsel for Cadna to prepare the order and to include findings of fact and conclusions of law in the order.[5]

On January 31, 2013, the trial court entered a written order granting Cadna's motion for summary judgment. In the order, the trial court found that Cadna had "affirmatively negated the fourth element of [Stewart's] *prima facie* case of age and race discrimination." As to the age discrimination claim, the order concluded that Stewart was not replaced by a younger employee, and that she could not prove by additional evidence that age was the determining factor in Cadna's decision to terminate her. Because Stewart was the primary label maker and the label-making tasks became automated, the trial court held, the undisputed facts established that Stewart was not singled out based on her age. The trial court's order commented that Stewart's seniority at Cadna did not obligate Cadna to retain Stewart in the RIF because "the law does not impose a seniority system on every covered employer." The trial court also held that Stewart could not establish that Cadna's decision to terminate Stewart's employment but retain Zamora, an Hispanic, was based on race. The trial court's order found that Cadna retained Zamora because she possessed a skill, namely, fluency in Spanish, that Stewart did not possess. It also found that Zamora and Stewart were not similarly situated because the label-making part of Stewart's job was rendered obsolete, but Zamora's duties were unaffected by the automation of the label-making. The order also noted that Stewart had proffered no statistical evidence that Cadna discriminated against her based on race.

For these reasons, the trial court granted summary judgment in favor of Cadna on all of Stewart's claims. From this order, Stewart now appeals.

---

[5]We note that, in a case in which the trial judge failed to articulate grounds for summary judgment and instead directed the successful party to establish such grounds in a proposed order, the appellate court held that the trial judge abrogated the court's responsibility to "state the legal grounds" for granting summary judgment. ***See Smith v. UHS of Lakeside, Inc.,*** No. W2011-02405-COA-R3-CV, 2013 WL 210250, at *10 (Tenn. Ct. App. Jan. 18, 2013).

**ISSUES ON APPEAL AND STANDARD OF REVIEW**

On appeal, Stewart argues that the trial court erred in granting summary judgment in favor of Cadna because Stewart presented sufficient evidence from which a jury could conclude that she had established a *prima facie* case of both age and race discrimination. Stewart contends that the evidence in the record was sufficient for a reasonable juror to conclude that Cadna chose to terminate Stewart's employment in the RIF because of her age and/or race, and that Cadna's proffered reasons for choosing to terminate Stewart's employment were a mere pretext for age and/or race discrimination.

We review the trial court's grant of summary judgment as a question of law, subject to *de novo* review, with no presumption of correctness in the trial court's decision. ***Gossett v. Tractor Supply Co.***, 320 S.W.3d 777, 780 (Tenn. 2010); *see also **Kinsler v. Berkline, LLC***, 320 S.W.3d 796, 799 (Tenn. 2010). "Generally speaking, a defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may establish an affirmative defense, such as the statute of limitations, that defeats the claim." ***Allied Sound, Inc. v. Neely***, 909 S.W.2d 815, 820 (Tenn. Ct. App. 1995). Under either avenue, summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

The summary judgment standard to be applied in this employment discrimination case is the standard announced in ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1 (Tenn. 2008). *See **Gossett***, 320 S.W.3d at 781-83 (rejecting the ***McDonnell Douglas*** framework at the summary judgment stage in discriminatory and retaliatory discharge cases and applying the standard in ***Hannan***).[6] To obtain summary judgment under this standard, the movant employer must negate an essential element of the employee's claim or defense or show by undisputed evidence that the employee cannot prove an essential element of the claim or defense at trial. ***Id.***; *see also **Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 83-84 (Tenn. 2008) (citing ***Hannan***, 270 S.W.3d at 5); ***McCarley v. W. Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998); ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993). It is insufficient for the moving party to "merely point to omissions in the nonmoving party's proof and allege that

---

[6]The Tennessee General Assembly has enacted legislation providing for a different summary judgment standard than the standard set forth in both ***Gossett*** and ***Hannan***, but the new statutes only apply to cases filed on or after June 10, 2011 and July 1, 2011, respectively. *See* Tenn. Code Ann. § 4-21-311(e), 50-1-304(g) (setting forth burden of proof in discrimination cases); Tenn. Code Ann. § 20-16-101 (setting forth a new summary judgment standard in other cases). Stewart's complaint in this case was filed prior to June 10, 2011.

the nonmoving party cannot prove the element at trial." ***Hannan***, 270 S.W.3d at 10. "Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." ***Martin***, 271 S.W.3d at 84. If there are disputed facts, we must ascertain whether the facts in dispute are material either to an essential element of the employee's claim or to an element of an affirmative defense on which the employer seeks to rely. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. There is a genuine issue of fact if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." ***Id.*** The trial court should grant summary judgment only when a reasonable person could reach but one conclusion based on the facts and the inferences drawn from those facts. ***Id.***; ***see also Gossett***, 320 S.W.3d at 784 (citing ***Staples v. CBL & Assocs., Inc.***, 15 S.W.3d 83, 89 (Tenn. 2000)).

## ANALYSIS

## Age Discrimination

Stewart argues first that the trial court erred in granting summary judgment in favor of Cadna on her claim of age discrimination. Stewart asserts that the evidence presented was sufficient to create a genuine issue of material fact regarding whether she established her *prima facie* case, and that evidence in the record supports a finding that Stewart was singled out for termination in the RIF because of her age.

To establish a *prima facie* claim for age discrimination, a plaintiff must show that: (1) she was at least 40 years of age at the time of the alleged discrimination, *i.e.*, "a member of a protected class"; (2) she was subjected to adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a substantially younger person *or* she must present additional evidence that the termination occurred under circumstances giving rise to an inference that she was singled out for termination based on her age. ***Kremp v. ITW Air Mgmt.***, No. 11–3235, 2012 WL 1237790, at *1 (6th Cir. 2012) (quoting ***Geiger v. Tower Automotive***, 579 F.3d 614, 622-23 (6th Cir. 2009)); ***see Williams v. Greater Chattanooga Pub. Television Corp.***, 349 S.W.3d 501, 509-10 (Tenn. Ct. App. 2011). It is undisputed that Stewart was over 40 years old at the time of the events in question, and that she was subjected to an adverse job action in the form of the termination of her employment. Cadna does not argue that Stewart was not qualified for the position she held. The trial court below held that Cadna had negated the fourth element of Stewart's *prima facie* claim, so we focus on that.

When a plaintiff claims discrimination in the course of a RIF, the plaintiff is held to a "higher burden" in that the plaintiff must establish her *prima facie* case by using direct,

circumstantial, or statistical evidence that she was singled out based on discriminatory intent. *Brenner v. Textron Aerostructures*, 874 S.W.2d 579, 588 (Tenn. Ct. App. 1993). "The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a *prima facie* case of age discrimination." *Id.* at 584 (quoting *Barnes v. Gencorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990) ((quoting *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073 (6th Cir. 1989), *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090 (6th Cir.1984); *Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1118 (6th Cir. 1980)). This Court has explained:

> If a plaintiff can show that age was a determining factor in his termination, he may be entitled to recover under the Act, but he must produce direct or circumstantial evidence that his age was a determining factor in his termination. *Brenner*, 874 S.W.2d at 585. "The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a *prima facie* case of age discrimination." *Id.* at 584 (quoting *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073 (6th Cir. 1989)). Further, mere conclusory allegations do not suffice to prove intentional discrimination based on age. *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 941 (6th Cir.1987).

*McKinna v. Lasco, Inc.*, No. 02A019604CH00083, 1997 WL 340918, at *4 (Tenn. Ct. App. Mar. 20, 1997) (reversing summary judgment for employer under *McDonnell Douglas* framework because employer made age-based derogatory remarks about employee prior to termination). The fact that a younger employee assumed some of the plaintiff's job duties after the plaintiff's employment was terminated does not, in and of itself, establish that the terminated employee was "replaced" by the younger employee. *Kremp*, 2012 WL 1237790, at *2.

In this case, the trial court stated in its order that Cadna had negated the fourth element of Stewart's *prima facie* case because Stewart was the primary label-maker and label-making became automated, and because Stewart was not replaced by a younger employee. In light of this, the trial court concluded that Cadna had established by undisputed facts that its proffered reason for terminating Stewart's employment was not pretextual. Even if Stewart could establish a *prima facie* case, the trial court went on to say, Stewart "would face the difficult task of proving" that Cadna's reason for terminating her was *not* the automation of the label-making portion of her job. In other words, the trial court was convinced by Cadna's proffered legitimate non-discriminatory reason for terminating Stewart's employment, so it held that Stewart likely could not persuade a reasonable trier of fact that Cadna's proffered reason was pretexual.

In the trial court below, Stewart did not argue that she was replaced by a younger employee. She claimed instead that evidence in the record showed that she was a victim of discrimination based on her age. Stewart asserted that Cadna's reliance on the automation of label-making at the Memphis facility was pretextual because label-making was not a significant part of her job and others also did label-making to some degree. Stewart also pointed out that Cadna's personnel files show that Stewart worked with at least two other younger "warehouse workers," but Cadna now wants to give Stewart the title of "Labelmaker, Janitor" to make it easier for Cadna to claim that Stewart's employment was terminated because the label-making job became automated. Stewart insists that these facts indicate that Stewart was singled out for termination based on her age.

We think that it is unlikely that Cadna would have been entitled to summary judgment under the summary judgment standard that preceded *Hannan*, sometimes referred to as the "put up or shut up" standard. At the summary judgment stage under the prior standard, as well as under *Hannan*, we must resolve all factual disputes in favor of the nonmovant and give that party the benefit of all reasonable inferences. Therefore, we must presume the truth of Stewart's assertion that label-making was an insignificant part of her job and that other employees also did label-making. Moreover, even the trial judge's musings at the summary judgment hearing indicate that age discrimination can be inferred from the evidence in the record. At the hearing, the trial judge commented, "[M]any folks do retire at 62 . . . . And practically — I mean, I don't have statistics, but we all know 65 is many, many times the cutoff date. So she was nearing retirement." In essence, it appears that the trial judge may have inferred from the evidence that Stewart's employment was terminated because she was "nearing retirement," *i.e.*, impermissible age discrimination.

However, we need not address whether summary judgment would have been appropriate under the standard that preceded *Hannan* because summary judgment in favor of Cadna was so clearly inappropriate under *Hannan,* the standard applicable in this case. Under *Hannan,* it is not sufficient for Cadna to merely cast doubt on Stewart's ability to prove the fourth element of her claim, discriminatory intent. *Hannan*, 270 S.W.3d at 10; *Martin*, 271 S.W.3d at 84. To obtain summary judgment under the *Hannan* standard, Cadna must *affirmatively negate* that element of Stewart's claim; this Cadna has not done.

Under *Hannan,* the standard is not whether Stewart has submitted — at the summary judgment stage — sufficient evidence of discriminatory intent; rather, the standard is whether Cadna has shown definitively that Stewart *cannot at trial* submit sufficient evidence of discrimination. *Hannan*, 270 S.W.3d at 10; *Martin*, 271 S.W.3d at 84. Under *Hannan*, unless the employer shows otherwise, we must assume that Stewart may by the time of trial obtain evidence to prove discrimination at trial. *See White v. Target Corp.*, No. W2010-02372-COA-R3-CV, 2012 WL 6599814, at *7 n.3 (Tenn. Ct. App. Dec. 18, 2012) (under

***Hannan***, it is not enough to rely on lack of evidence of nonmoving party, even if the discovery deadline has passed; "we are required to assume that the nonmoving party may still, by the time of trial, somehow come up with evidence to support her claim"). This Court has explained:

> . . . [A]t the summary judgment stage of the proceedings, the trial court "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." ***Gossett***, 320 S.W.3d at 784 (quoting ***Blair***, 130 S.W.3d at 768 (quoting ***Byrd***, 847 S.W.2d at 210-11)). Under ***Hannan*** and ***Gossett***, in order to negate an element of a claim, the movant cannot simply show that the nonmovant has submitted insufficient evidence to support each element of her claim; rather, it must demonstrate affirmatively that she *cannot* establish an element of her claim. In other words, "[a] moving party cannot merely 'challenge the nonmoving party to 'put up or shut up' or . . . cast doubt on a party's ability to prove an element at trial.'" ***Id.*** at 789 (Clark, J., concurring) (quoting ***Hannan***, 270 S.W.3d at 8). Under this standard, even if the situations of the compared male employees were not similar as a matter of law, this demonstrates only that Ms. Pierce has not yet submitted sufficient evidence to establish her claim; it does not negate this element or show that she cannot establish the fourth element of her claim.

***Pierce v. City of Humboldt***, No. W2012-00217-COA-R3-CV, 2013 WL 1190823, at *12 (Tenn. Ct. App. Mar. 25, 2013).

In Cadna's argument to the trial court, counsel for Cadna erroneously asserted that the "[***McDonnell***] ***Douglas*** burden shifting analysis applies." This misconception was carried over into the trial court's order granting summary judgment to Cadna. The trial court concluded in the alternative that, even if Stewart had established a *prima facie* case, it would be difficult for Stewart to overcome Cadna's legitimate non-discriminatory reason for terminating her employment. The trial court openly applied the old "put up or shut up" standard in holding, "Simply put, [Stewart] has no proof that would cause this Court or a jury to doubt [Cadna's] rationale" that Stewart was terminated because the position of label-maker was made obsolete by the new automation system.

As in the trial court, Cadna's argument to this Court appears based on the premise that the ***McDonnell Douglas*** burden-shifting analysis applies at the summary judgment stage. Many of the cases on which Cadna relies — for example, ***Kremp***, ***Barnes***, and ***Brenner*** — were decided under the ***McDonnell Douglas*** burden-shifting analysis. ***See Kremp***, 2012 WL 1237790, at *1-2; ***Barnes***, 896 F.2d at 1464-65; ***Brenner***, 874 S.W.2d at 583-85.

The premise of Cadna's argument to the trial court and to the appellate court is off the mark. Our Supreme Court in **Gossett** discarded the **McDonnell Douglas** burden-shifting framework at the summary judgment stage. **Gossett**, 320 S.W.3d at 782. In explaining why the **McDonnell Douglas** framework should be inapplicable at the summary judgment stage, the Tennessee Supreme Court in **Gossett** stated: "A legitimate reason for discharge . . . is not always mutually exclusive of a discriminatory or retaliatory motive and thus does not preclude the possibility that a discriminatory or retaliatory motive played a role in the discharge decision." *Id*. Thus, the fact that Cadna proffered a legitimate nondiscriminatory reason for selecting Stewart for termination instead of another warehouse worker does not entitle Cadna to summary judgment, because we are required to assume that Stewart may still obtain evidence for trial that Cadna's termination of Stewart's employment was discriminatory.

Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Cadna on Stewart's claim of age discrimination. Applying the standard in **Hannan**, "there are genuine issues of material fact that are readily ascertainable from the record as to whether [Cadna] terminated [Stewart] for the reasons claimed by [Cadna] or . . . because of [her] age." *See Williams v. Greater Chattanooga Pub. Television Corp.*, 349 S.W.3d 501, 512 (Tenn. Ct. App. 2011) (citing **Kinsler**, 320 S.W.3d at 801).

### Race Discrimination

Stewart also argues that the trial court erred in granting summary judgment on her claim of race discrimination. Similar to a claim of age discrimination, to establish a claim of race discrimination, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly situated employees outside the protected class. When the plaintiff's employment is terminated as part of a valid RIF, the fourth element is established by producing "additional direct, circumstantial, or statistical evidence that [race] was a factor in [her] termination." *EEOC v. Lucent Techs., Inc.*, 226 Fed. Appx. 587, 590 (6th Cir. 2007) (quoting *LaGrante v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1091 (6th Cir. 1984)). Again, we focus on the fourth element, because the trial court below held that Cadna had negated the fourth element of Stewart's *prima facie* claim of race discrimination.

Stewart's race discrimination claim was based on many of the same facts as the age discrimination claim, discussed fully above. With respect to the race discrimination claim, however, Stewart also argued that the fact that Cadna terminated Stewart but retained the less senior, less qualified, Hispanic Zamora demonstrated race discrimination. Cadna contended that Zamora was retained because she was fluent in Spanish, a legitimate nondiscriminatory reason. Stewart argues that Cadna's proffered nondiscriminatory reason is pretextual by

pointing to the fact that, until Cadna submitted its responses to Stewart's discovery, Cadna had never identified Zamora's fluency in Spanish as a reason for terminating Stewart's employment instead of Zamora's. Stewart argues as well that Cadna did not establish that fluency in Spanish was important to the job of warehouse worker. Cadna's belated position on this issue, Stewart argues, could serve as a basis for concluding that its reasons for terminating Stewart's employment were pretextual, and that Cadna selected Stewart for termination because of her age and/or race.

As with Stewart's age discrimination claim, it appears likely that summary judgment in favor of Cadna would have been inappropriate under the summary judgment standard that preceded *Hannan.* Under either *Hannan* or the standard that preceded it, we are obliged to accept Stewart's version of the facts, giving Stewart the benefit of all reasonable inferences. We "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Gossett*, 320 S.W.3d at 784 (quoting *Blair*, 130 S.W.3d at 768 (quoting *Byrd*, 847 S.W.2d at 210-11)). In our view, whether Zamora's fluency in Spanish was valuable and whether Cadna in fact relied on Zamora's language skills in deciding to terminate Stewart over Zamora appear to be disputed issues of fact. A reasonable trier of fact could infer that Zamora's fluency in Spanish was an afterthought conjured up by lawyers in order to justify terminating Stewart over Zamora, whom Stewart claims is both less qualified and less senior. In addition, the evolving description of Stewart as "Labelmaker, Janitor" instead of a "warehouse worker" like Zamora could be perceived as an after-the-fact attempt to justify the selection of Stewart for termination and also to make it appear that Stewart and Zamora are not similarly situated. Whether Stewart and Zamora are "similarly situated" also appears to be a disputed issue of fact.

However, as with Stewart's age discrimination claim, we need not determine whether Stewart's race discrimination claim would survive under the prior summary judgment standard, because the *Hannan* standard is applicable. As noted above, under *Hannan,* the issue is not whether Stewart had submitted evidence of race discrimination at the summary judgment stage, but whether Stewart *cannot* submit evidence of race discrimination at trial. *Hannan*, 270 S.W.3d at 10; *Martin*, 271 S.W.3d at 84. *See White*, 2012 WL 6599814, at *7 n.3. Under *Hannan* and *Gossett*, we must conclude that Cadna did not negate the fourth element of Stewart's *prima facie* claim of race discrimination and did not establish that Stewart *cannot* prove the fourth element of her race discrimination claim at trial. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Cadna on Stewart's race discrimination claim as well.

For the same reasons, we also conclude that the trial court erred in granting summary judgment to Cadna on Stewart's claim that her employment was terminated based on a combination of age and race.

## CONCLUSION

The decision of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs on appeal are to be taxed to Defendant/Appellee Cadna Rubber Company, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE